■ PAULINE MESSINA, Respondent-Appellant, v WILLIE L. TAYLOR et al., Defendants, and AMERICAN SECURITY INSURANCE COMPANY, Appellant-Respondent.—Order, Supreme Court, New York County, entered March 24, 1978, granting reargument and adhering to prior decision is unanimously modified, on the law, to the extent of remanding the matter to the arbitrator for a determination of a reasonable attorney's fee limited to the St. Vincent's Hospital claim, and otherwise affirmed, without costs and without disbursements. Appeal from order, entered March 14, 1978, dismissed as academic, without costs and without disbursements. Plaintiff was struck by a car owned by defendant Taylor and driven by defendant Huffman, Alabama residents, and insured by defendant American Security Insurance Company (hereinafter referred to as American Security), a foreign Georgia insurance company, which has agreed with the Department of Insurance here to provide no-fault benefits for any injuries in this State by their insureds. Defendant American Security never sent no-fault forms to the plaintiff and denied, for more than four months after the accident, that it was responsible for no-fault payments. American Security contends that there was no claim made for benefits and that plaintiff's counsel had told them that no-fault did not apply, and their claims manager relied thereupon. Summons and complaint were served and plaintiff moved to compel payment of no-fault benefits, but that application was denied as moot since American Security had agreed to pay and had sent no-fault forms to plaintiff. Plaintiff then sought reargument on the question of counsel fees, which question was referred to a special referee. In May, 1977, a no-fault claim for a St. Vincent's Hospital bill was submitted to American Security,

and in time was paid in full. In July, 1977, plaintiff began arbitration proceedings for failure of American Security timely to pay the hospital bill. The arbitrator awarded statutory interest and $5,000 as reasonable counsel fees, referring to the negligence of American Security in not advising plaintiff's attorney that no-fault benefits were applicable to plaintiff's accident. On motion to confirm the arbitration award and cross motion to modify the award, the court held that plaintiff, having moved that court for counsel fees (the matter was still pending before the referee), had waived the right to seek the same relief from the arbitrator. The reference then was to ascertain the attorney's fees, the court having reserved that question, and the arbitration was for the default of American Security in not timely paying the hospital bill. The arbitration award, however, states that "It is evident from the course of conduct of the respondent [insurer] that the claimant [plaintiff herein] and her attorney were forced to exert extraordinary efforts * * * both through litigation and arbitration in order to compel the respondent to meet its obligation under the New York State No-Fault Insurance Law." It appears then that in awarding attorney's fees the arbitrator took into consideration the attorney's efforts to force compliance, and not just the default in paying hospital expenses. Having been reserved by the court, any consideration of counsel fees to enforce compliance with the no-fault law was clearly without the arbitrator's power. There remains for the arbitrator only the claim for attorney's fees in connection with enforcement of the insurance company's obligation to pay the St. Vincent Hospital bill. Concur—Kupferman, J. P., Silverman, Evans, Lane and Markewich, JJ.